KLANOWSKY *v.* NELSON.

1. MORTGAGES—PRIORITY.
   Recorded mortgage was properly adjudged first lien, taking precedence over prior unrecorded mortgage.

2. SAME—NOTICE.
   Where grantees took title as security with knowledge of prior unrecorded mortgage, their lien is subject to said mortgage.

3. SAME—SETTLEMENT AGREEMENT.
   Finding of court below that, pursuant to settlement agreement between parties, deed originally given as security only became absolute, *held*, sustained by evidence.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 10, 1930. (Docket No. 67, Calendar No. 35,235.) Decided December 2, 1930.

Bill by Emil Klanowsky against Carl Nelson and others to declare an unrecorded mortgage a prior lien to recorded mortgage and to foreclose the same. Cross-bill by defendants Nelson against defendants Smith to set aside a conveyance. Cross-bill by defendants Smith to discharge plaintiff's mortgage. From decree declaring plaintiff's mortgage a junior lien and dismissing cross-bills, plaintiff and cross-plaintiffs appeal. Affirmed.

*Harry J. Lippman,* for plaintiff.

*Simeon Cugell* (*Harry J. Lippman,* of counsel), for defendants Nelson.

*John R. Rood,* for defendants Smith.

SHARPE, J. On September 9, 1925, the plaintiff conveyed a vacant lot in a platted subdivision in

Greenfield township, in Wayne county, to the defendant Carl Nelson. On the same day he loaned Nelson $2,000 to aid him in the erection of a building thereon, taking as security therefor a mortgage on this lot. The bill of complaint alleges that plaintiff withheld this mortgage from record at the request of Nelson and on his promise that he would inform all persons with whom he dealt in reference to said lot that plaintiff had said mortgage thereon. On November 20, 1925, Nelson, to obtain money to complete the building, mortgaged the lot to the Fidelity Trust Company for $9,000. This mortgage was duly recorded, and on August 27, 1926, was assigned to the defendant National Union Assurance Society. Plaintiff alleges that the trust company took its mortgage subject to plaintiff's rights under his unrecorded mortgage.

The bill further alleges that Nelson and his wife conveyed the lot to the defendant Edward D. Smith and his wife on March 11, 1926, by warranty deed, recorded on March 17, 1926, but that said deed was given as security and was to be treated as a mortgage by them. It further alleges that plaintiff was unaware of these conveyances being recorded until the 14th day of August, 1926, when he at once caused his mortgage to be recorded.

In his prayer for relief he prays that the court decree his mortgage to be a first lien on said lot and for foreclosure thereof. While the bill does not so allege, it appears that a two-family brick veneer flat, said to be of the value of about $24,000, has been erected thereon.

The bill of complaint was filed on February 10, 1928. The defendant assurance society filed its answer thereto, denying that the mortgage assigned to it is subject to plaintiff's mortgage, and praying that the bill be dismissed as to it. The defendants

Edward D. and Mrs. Smith in their answer deny any knowledge of plaintiff's unrecorded mortgage, and in a cross-bill allege that they were purchasers from Nelson without notice thereof, and pray that their title to said lot be relieved therefrom. Plaintiff answered, praying that the cross-bill be dismissed.

The defendant Nelson was defaulted. Several months thereafter, and on January 11, 1929, by stipulation an order was entered setting aside his default. He then answered, and by way of cross-bill set out at length his purported dealings with Mr. and Mrs. Smith, averring that the conveyances executed by him of this and other property were given as security only, and praying for an accounting relative thereto. To this the defendants Smith made answer, denying the material allegations therein.

After hearing the proofs submitted, the trial court found and decreed that the assurance society's mortgage was a first lien upon the property; that plaintiff's mortgage took precedence over the rights of the Smiths therein, and that a settlement had between the Smiths and Nelson on June 24, 1926, fixed and determined their respective rights, except as to some other matters at issue between them which were settled by the decree. The plaintiff and defendants Nelson and Smith appeal.

1. The trial court was clearly right in holding that the assurance society's mortgage took precedence over plaintiff's unrecorded mortgage. The testimony of Nelson that he informed the agent of the Fidelity Trust Company of the existence of this mortgage, and that it was agreed that the company's mortgage should be subject to it is in no way convincing as to its truth when contradicted by the representative of the company who dealt with him.

2. That Smith knew of the existence of plaintiff's unrecorded mortgage at the time he took the deed of this lot from Nelson as security is clearly established. There was proof that at the time of the settlement between Nelson and Smith, above referred to, plaintiff said that Nelson was not indebted to him. There is nothing in the record to indicate that this mortgage had been paid. Smith knew of its existence. The trial court, who heard and saw the witnesses, concluded that it would be inequitable to decree that it had been paid. We are unwilling to reverse his finding in this respect.

3. As was said by the trial court, these are the only matters which should have been litigated in this suit. Nelson, however, after having been defaulted, was permitted to inject into it his dealings with Smith, and these must be considered. The trial court very patiently listened to the presentation of their respective claims, which comprise the greater part of this record of over 400 pages.

The defendant Nelson was engaged in the building business in Detroit and vicinity. In the latter part of the year 1923 he began borrowing money from the defendant Smith, executing deeds as security therefor, many of which, at his request, were not recorded. No examination of the titles to these lands was made by Smith. The deed of March 11, 1926, heretofore referred to, was one of the number. In June of that year Smith became suspicious that Nelson was not treating him fairly. He discovered that Nelson had deeded to other parties property afterwards conveyed to him. After a conference, in which Nelson admitted what he had done in this respect, they went to the office of a real estate man, Elmer R. Smith (in no way related to the defendant Edward D. Smith) on June 24th, and a settlement

was then had between them. Pursuant to it, Nelson and his wife conveyed the lot above referred to to Smith and his wife, and a full adjustment was had of all other matters in dispute between them. It is now Nelson's claim that this deed was given as security only. The trial court found, and the evidence amply supports his finding, that a complete settlement of their dealings was then had, and that title then passed to Mr. and Mrs. Smith. The decree so provided, and in it the rights of Nelson and Smith pursuant to such settlement are stated and provision made for the enforcement thereof. It seems unnecessary to more fully state the terms thereof or to review the evidence on which this finding was based. Sufficient to say that it is supported by a preponderance thereof.

In our opinion, the decree fairly settles all the matters in dispute between the parties, and it is hereby affirmed. As no brief has been filed on behalf of the assurance society, and as all of the other parties have appealed, no costs will be allowed.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, North, and Fead, JJ., concurred.